**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Velma Capreace Tolliver-El,** | ) | **CASE NO. 1:14 CV 1632** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| **v.** | ) | |
| | ) | **MEMORANDUM OPINION AND ORDER** |
| **K. J. Montgomery, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

Plaintiff Velma Capreace Tolliver-El filed this *pro se* civil action against Shaker Municipal Court Judge K.J. Montgomery and the Clerk of the Court, Steve Tomaszewski. She has filed a motion to proceed *in forma pauperis* (Doc. No. 2). The plaintiff's motion to proceed *in forma pauperis* is granted; however, for the reasons stated below, her action is summarily dismissed pursuant to 28 U.S.C. §1915(e)(2)(B).

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a district court is required to *sua sponte* dismiss an *in forma pauperis* action at any time under 28 U.S.C. §1915(e)(2)(B) if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In order to state a claim on which relief may be granted, a *pro se* complaint must contain sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the dismissal standard articulated in

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals for failure to state a claim under 28 U.S.C. §1915(e)(2)(B)). The plaintiff's "[f]actual allegations must be enough to raise the right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. A pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient to state a claim. *Id.* Further, to state a claim, a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

A complaint is frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A court may, therefore, dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. An action has no arguable basis in fact "if it describes fantastic or delusional scenarios." *Abner v. SBC (Ameritech)*, 86 Fed. App'x 958, 958–59 (6th Cir. 2004); *see also Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir.1990).

The plaintiff's complaint fails to state a claim on which relief may be granted and is legally and factually frivolous. The complaint fails to set forth any intelligible factual basis for a viable legal claim. Instead, the plaintiff asserts a totally incomprehensible and implausible amalgam of legal conclusions and assertions purporting to support a claim against the defendants under the Uniform Commercial Code in connection with a criminal, domestic violence proceeding brought against the plaintiff in Shaker Heights Municipal Court, Case No. 11 CR 00335. The plaintiff's pleadings fail to give the defendants fair notice of the factual basis for the plaintiff's claim or claims and the grounds on which they rest. In addition, the plaintiff's allegations are – at best – based on

a scenario that is "fantastic or delusional" and lack any arguable rational basis in law or in fact. Further, the defendants are immune from liability in connection with the performance of their duties as judge and clerk of court. *See Baker v. Cuyahoga Cty. Court of Common Pleas*, 61 Ohio App.3d 59, 572 N.E.2d 155 (Ohio App. 8th Dist, 1989) ("A judge is immune from civil liability for actions taken within his judicial capacity . . . This immunity extends to the clerks of a court of common pleas for actions taken in performance of the court's functions."). In sum, the plaintiff's action fails to state a claim and is completely frivolous.

**Conclusion**

For the reasons stated above, this action is hereby dismissed on initial screening pursuant to 28 U.S.C. §1915(e)(2)(B). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Donald C. Nugent
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: February 10, 2015